DAVID M. CLEMENS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Clemens v. Commissioner
Docket Nos. 23710-81, 26020-83.
United States Tax Court
T.C. Memo 1986-146; 1986 Tax Ct. Memo LEXIS 459; 51 T.C.M. (CCH) 828; T.C.M. (RIA) 86146; April 15, 1986. David M. Clemens, pro se. John E. White, for the respondent. CLAPP
MEMORANDUM FINDINGS OF FACT AND OPINION CLAPP, Judge: In these consolidated cases respondent determined deficiencies and additions to tax in petitioner's Federal income tax as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654
1974
$832.00
$416.00
$15.36
1975
1,688.00
844.00
57.72
1976
1,704.00
852.00
45.73
1977
2,011.00
1,005.50
45.18
1978
2,443.00
1,221.50
43.89
1979
2,688.00
1,344.00
78.96
1980
3,498.00
1,749.00
209.74
1981
4,603.00
2,302.00
38.45
*460 Petitioner has conceded the deficiencies. Respondent has filed a Motion For Summary Judgment with regard to the section 6653(b) and 6654 additions. Generally summary judgment is inappropriate when issues of motive, intent and other subjective feelings and reactions are material. [2] Fraud is an actual intentional wrongdoing and the intent required is a specific purpose to evade a tax believed to be owing. . Petitioner has denied that he had a fraudulent intent, and accordingly challenges the additions under section 6653(b). This raises a genuine issue as to a material fact. Rule 121(b). Accordingly, we deny respondent's Motion for Summary Judgment with respect to section 6653(b). Petitioner also contests the section 6654 additions, although the record is unclear as to his reason. While respondent is probably entitled to summary judgment on this issue, it is more readily dealt with in the context of the Court's opinion which follows below, and that will be done. Following the hearing on respondent's Motion for Summary Judgment, the *461 parties presented their evidence on the 6653(b) and 6654 additions issues. This was done in order to have a complete record upon which to base the opinion of the Court in the event it was determined that summary judgment did not lie. We are thus in a position to proceed to decide the remaining issues which are (1) whether petitioner is subject to section 6653(b) additions to tax; and (2) whether petitioner is subject to section 6654 additions to tax. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and the exhibit attached thereto are incorporated by this reference. At the time the petition in these cases were filed, petitioner lived and worked in Pittsburgh, Pennsylvania. He spent approximately 30 to 55 days each year in West Edmeston, New York where his parents lived. He was not a registered voter anywhere but his automobile was registered in Pittsburgh, Pennsylvania. As of the date of trial, petitioner did not expect to be transferred from the Pittsburgh area by his employer. Petitioner was a resident of Pittsburgh, Pennsylvania, at the time the petitions herein were filed. U.S. Air (formerly known as Allegheny *462 Airlines) employed petitioner on or about April 18, 1974. During the years 1974 through 1981, U.S. Air paid petitioner wages as follows: Year
Amount
1974
$6,730.97
1975
11,019.50
1976
11,841.06
1977
13,315.75
1978
14,915.56
1979
16,280.81
1980
18,992.28
1981
22,407.78
For each of the years at issue, U.S. Air issued to petitioner Forms W-2 which reflected the amount of his wages. During the years at issue, petitioner came in contact with tax protestors who espoused the view that one does not have to file an income tax return or pay taxes. Petitioner did not consult a lawyer or C.P.A. as to the credibility of their views. In April 1974, petitioner submitted to U.S. Air an Employee's Withholding Allowance Certificate (FORM W-4) on which he claimed 0 exemptions. In May 1974, he submitted to U.S. Air a Form W-4 on which he claimed 11 exemptions. In July 1981, he submitted to U.S. Air a Form W-4 on which he claimed 11 exemptions and deleted the words "Under the penalties of perjury." Petitioner sought to have little or no tax withheld from his wages. Pursuant to instructions received from the Internal Revenue Service, U.S. Air computed the amount *463 of petitioner's withholding on the basis that he was single and entitled to one exemption. U.S. Air withheld the following amounts: Year
Amount
1974
$281.56
1975
283.82
1976
383.37
1977
598.41
1978
857.20
1979
640.27
1980
1,165.18
1981
3,281.33
Petitioner was aware of his responsibility to file Federal income tax returns and pay taxes for the years at issue; he filed Federal income tax returns reporting liabilities of $169, $368, and $205 for the years 1970, 1971, and 1972, respectively. He also was aware that other citizens paid taxes on their wages. Prior to June 1981, he did not file Federal income tax returns for the years 1974 through 1981. In June 1981, he prepared and submitted to the Internal Revenue Service Forms 1040 which purported to be Federal income tax returns for the years 1974 through 1979. The words "Under penalties of perjury" were deleted on each of the forms. The notation "OBJECT" or "NONE" was written on most of the lines. Each form also contained the notation "THIS FORM IS SUBMITTED IN GOOD FAITH" and "THE WORD 'OBJECT' IN RESPONSE TO A SPECIFIC QUESTION MEANS ON THE GROUNDS OF SELF-INCRIMINATION." Petitioner had no contact *464 with the Internal Revenue Service from April 15, 1975 to July 1979. In July 1979, a Revenue Officer contacted him about his failure to file Federal income tax returns. In a letter to a Revenue Officer dated August 6, 1979, petitioner wrote in part: Sir, I have been requested by you to file returns for the years 1976, 1977, and 1978 however I do not have these forms. If you will provide me with these forms, I will in good faith, return them to you as you request. In order to know how to compute whatever obligations I may have with respect to paying an income tax, I will have to have some additional information: In a letter dated August 24, 1981 petitioner stated that the Federal income tax is voluntary and "I have in fact paid a tax, VOLUNTARILY and in good faith." In a letter dated February 7, 1982, petitioner stated that he was not required to file a return. Petitioner underpaid his estimated tax for the years in issue and has failed to establish that he falls within any of the exceptions set forth in section 6654. OPINION Petitioner seeks to avoid imposition of the additions to tax for fraud by claiming that he had no fraudulent intent to evade tax. He contends *465 that he was duped into believing the preachings of tax protestors but now he knows that their legal theories are erroneous. "Fraud" means intentional wrongdoing on the part of a taxpayer motivated by a specific purpose to evade a tax known or believed to be owing. . The Commissioner bears the burden of proving fraud by clear and convincing evidence. Rule 142(a). In the present case, the evidence clearly and convincingly establishes that petitioner fraudulently underpaid his taxes for the years at issue. Petitioner failed to file valid Federal income tax returns for the years at issue. See , affd. without published opinion . Although failure to file returns does not in itself establish fraud, an intention to evade taxes may be inferred from the circumstances attending a particular failure to file. , revg. in part and affg. in part a Memorandum Opinion of this Court. Our holding is supported by the following indicia of fraud; *466 petitioner (1) filed false Forms W-4 [3] and (2) submitted "protestor" documents purporting to be Federal income tax returns. With regard to petitioner's contention, we are unpersuaded. Petitioner was aware of his obligation to file Federal income tax returns and pay taxes.He also knew that other citizens paid taxes on their wages. He did not consult a lawyer or C.P.A. as to the credibility of the protestors' views. We conclude that petitioner had no reasonable basis to believe such views. Furthermore, the fact that he now admits that he made a mistake does not alter our holding. [4]
Finally, a different result is not compelled by , revg. a Memorandum Opinion of this Court. During the years at issue in Raley, the taxpayer sent to the Internal Revenue Service and the Secretary of the Treasury numerous letters which informed them that he would never voluntarily pay an income tax and he had filed false *467 Forms W-4E. The Third Circuit held that the Commissioner had not proved fraud because the taxpayer "went out of his way to inform every person involved in the collection process that he was not going to pay any income taxes." In the present case, petitioner's letters to a Revenue Officer fall far short of the standard established in Raley. Indeed, the language in petitioner's letter dated August 6, 1979 indicates petitioner's willingness to file an income tax return and pay whatever taxes were owed. Furthermore, petitioner never revealed to the Internal Revenue Service that he filed false Forms W-4. Finally, petitioner's correspondence and filing of forms purporting to be Federal income tax returns occurred only after the Internal Revenue Service had contacted him. Respondent determined in his Notice of Deficiency that petitioner was subject to additions to tax under section 6654 for failure to pay estimated taxes. That determination is presumed to be correct, and the burden is on petitioner to show that the determination is wrong. , Rule 142. In the present case the record establishes an underpayment of petitioner's *468 estimated tax, and petitioner has failed to show that he falls within any exception. Respondent's determination will stand. To reflect the foregoing, Decisions will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended. All references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. .↩
3. See ; .↩
4. See .↩